# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 18, 2013

## WILLIE LEWIS TOLBERT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 100064    Steven Sword, Judge**

---

**No. E2013-01114-CCA-R3-PC - Filed January 27, 2014**

---

Petitioner, Willie Lewis Tolbert, pleaded guilty to two counts of robbery, one count of carjacking, and one count of unlawful possession of a weapon. Pursuant to petitioner's plea agreement, the trial court imposed a sentence of eight years. Petitioner applied for probation, which the trial court denied, and the trial court ordered petitioner to serve his sentence in confinement. Petitioner filed the instant petition for post-conviction relief, in which he alleged that he received ineffective assistance of counsel and that his guilty plea was not entered knowingly, voluntarily, and intelligently. Following an evidentiary hearing, the post-conviction court denied relief. On appeal, petitioner argues that he received ineffective assistance of counsel when trial counsel: (1) failed to properly communicate with petitioner prior to his guilty plea submission hearing; (2) failed to adequately advise petitioner regarding whether he would receive probation; and (3) made an incorrect prediction that petitioner's case would be dismissed in general sessions court. He further argues that these errors rendered his guilty plea involuntary. After our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Willie Lewis Tolbert.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Randall Eugene Nichols, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Facts

Petitioner was indicted for two counts of aggravated robbery, two counts of carjacking, and one count of employing a firearm during the commission of a dangerous felony. The trial court conducted petitioner's guilty plea submission hearing on December 16, 2011.

### A. Guilty Plea Submission Hearing

According to the prosecutor's recitation of the factual bases underlying the pleas, on August 30, 2011, at 6:25 a.m., the victims, Alonzo Williams and Tyrone Colbert, were driving out of a parking lot. Petitioner and Michael Tavon Cook approached their car, produced weapons, made them get out of the car, took property from Mr. Williams, and drove away in the victims' car. The car was later recovered in the parking lot of an apartment complex. In a separate incident later that day, Mr. Cook threatened Mr. Williams with a gun.

After the court explained petitioner's charges and the plea agreement, petitioner affirmed that he agreed with the facts of his case and that he understood his plea agreement, which indicated that he agreed to an eight-year sentence. Petitioner also acknowledged that he was applying for probation but that he understood that the trial court would determine whether to grant his request. He acknowledged that he had a right to plead not guilty, the right to a jury trial, the right to present and confront witnesses, and the right to testify or not testify at trial, but petitioner chose to waive those rights. Petitioner stated that he was satisfied with his attorney's performance and that he had no questions regarding his agreement or his rights. Petitioner also acknowledged his signature on the plea agreement and affirmed that he understood his plea had to be voluntarily entered. Petitioner pleaded guilty to two counts of robbery, one count of carjacking, and one count of unlawful possession of a weapon.

### B. Post-Conviction Hearing

Petitioner filed a petition for post-conviction relief on August 9, 2012, which was amended on January 23, 2013. The post-conviction court held an evidentiary hearing on April 8, 2013.

Petitioner was the only witness to testify at the evidentiary hearing. He stated that trial counsel represented him in general sessions court, that he discussed the allegations against

him with trial counsel, and that he understood the nature of his charges. The general sessions court conducted a preliminary hearing and sent petitioner's case to the grand jury. Petitioner explained that he did not expect the case to be sent to the grand jury because trial counsel had opined that petitioner's case would be dismissed in general sessions court.

Petitioner testified that he was indicted by the grand jury and that his case was moved to criminal court. Petitioner stated that he wanted trial counsel to attempt to suppress all of the evidence against him but that she did not file a motion in that regard. He also asserted that trial counsel said that there was no probable cause to arrest him and that she did not understand why the general sessions court judge sent his case to the grand jury. He stated that he called trial counsel "several times" and "wrote her letters" after his case was pending in criminal court but that trial counsel did not respond. He explained that after his case was in criminal court, he did not have the opportunity to speak with trial counsel until the day he accepted his plea agreement. Petitioner was incarcerated while his case was pending in criminal court.

He testified that on the day he accepted his plea agreement, trial counsel told him that he would receive eight years on probation under the agreement. He asserted that trial counsel did not discuss with him the sentencing ranges for each of his original charges or the charges in his plea agreement and that he did not understand the ranges for each charge. He stated that he understood he was receiving eight years on probation for all of his charges combined. He also stated that trial counsel did not discuss the possibility of consecutive sentencing. Petitioner was released from jail the day he entered his plea without having to post a bond. He explained that he believed he was "automatically being placed on probation" and that he would not have pleaded guilty if he had known that he had to apply for probation.

Petitioner testified that he did not remember the trial court's informing him at the guilty plea submission hearing that the trial court would make the final determination regarding probation. He stated that prior to the hearing, trial counsel directed him to answer, "Yes, sir," to all of the judge's questions. Petitioner said he was not "paying attention" to the trial court. Instead, he was "just doing what [trial counsel] told [him] to do." Petitioner also testified that he did not read his plea agreement and that trial counsel "just told [him] to sign it." He stated that trial counsel told him that he was "signing for probation" and that trial counsel did not read the document to him. Petitioner asserted that he was not guilty of the charges and that he had a chance of being found not guilty at trial. He testified that he pleaded guilty because he did not "feel safe going to trial with [trial counsel] representing [him]." He explained that trial counsel was "negligent" and "failed to do anything that [he] asked her to do." He stated that trial counsel failed to respond to his telephone calls and letters, as well as his sister's telephone calls. He also stated that trial counsel's prediction that his case would be dismissed in general sessions court was incorrect. He said that he was

"scared" to go to trial with trial counsel representing him and that if someone else had been representing him, he would not have pleaded guilty.

On cross-examination, petitioner conceded that when these crimes occurred, he was on probation for a "weapons possession charge." He stated that at the preliminary hearing, he remembered the victims testifying about a carjacking, two aggravated robberies, and an aggravated assault. He also recalled that these two men could not identify him at the hearing, that the State presented an investigator as a witness, and that the investigator played a tape of the witnesses' interview. However, petitioner stated that he did not remember the witnesses' identifying him in the recorded interviews. Petitioner said that when the State presented him with his plea agreement, he believed he was only pleading guilty to three offenses rather than the four offenses in the plea agreement. He conceded that his plea agreement explained the agreed-upon sentences for the offenses to which he was pleading guilty and contained the language "apply for probation." He also acknowledged his signature on the plea agreement. He conceded that it was his choice not to listen to the judge during his guilty plea proceeding and that he had the opportunity to speak with the judge.

Following the hearing, the post-conviction court denied the petition for post-conviction relief. The court stated that trial counsel contested petitioner's case in general sessions court. She requested a preliminary hearing and cross-examined the State's witnesses. The post-conviction court stated that even if trial counsel had advised petitioner that his case would likely be dismissed in general sessions court, that advice did not render trial counsel deficient. The court found significant the language in petitioner's plea agreement and the trial court's colloquy regarding petitioner's agreement that he would "apply" for probation. The post-conviction court discredited petitioner's testimony regarding both the actions of trial counsel and petitioner's reasons for pleading guilty. The court found that trial counsel was not deficient and denied petitioner relief.

## II. Analysis

On appeal, petitioner argues that trial counsel was ineffective because she failed to properly communicate with him prior to his guilty plea submission hearing, failed to adequately advise petitioner regarding whether he would receive probation, and made an incorrect prediction that petitioner's case would be dismissed in general sessions court. He also argues that absent trial counsel's ineffective assistance of counsel, he would not have pleaded guilty. The State responds that the post-conviction court properly denied the petition for post-conviction relief. We agree with the State.

To obtain relief in a post-conviction proceeding, a petitioner must demonstrate that his or her "conviction or sentence is void or voidable because of the abridgement of any right

-4-

guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)).

Appellate courts do not reassess the trial court's determination of the credibility of witnesses. *Dellinger v. State*, 279 S.W.3d 282, 292 (Tenn. 2009) (citing *R.D.S. v. State*, 245 S.W.3d 356, 362 (Tenn. 2008)). Assessing the credibility of witnesses is a matter entrusted to the trial judge as the trier of fact. *R.D.S.*, 245 S.W.3d at 362 (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). The post-conviction court's findings of fact are conclusive on appeal unless the preponderance of the evidence is otherwise. *Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App.1997)). However, conclusions of law receive no presumption of correctness on appeal. *Id.* (citing *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001)). As a mixed question of law and fact, this court's review of petitioner's ineffective assistance of counsel claims is de novo with no presumption of correctness. *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (citations omitted).

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and article I, section 9 of the Tennessee Constitution require that a criminal defendant receive effective assistance of counsel. *Cauthern v. State*, 145 S.W.3d 571, 598 (Tenn. Crim. App. 2004) (citing *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975)). When a petitioner claims that he received ineffective assistance of counsel, he must demonstrate both that his lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007) (citation omitted). It follows that if this court holds that either prong is not met, we are not compelled to consider the other prong. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

To prove that counsel's performance was deficient, petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). As our supreme court held:

"[T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. . . .

Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

*Id.* at 315-16 (quoting *Baxter*, 523 S.W.2d at 934-35). On appellate review of trial counsel's performance, this court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689).

To prove that petitioner suffered prejudice as a result of counsel's deficient performance, he "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland*, 466 U.S. at 694). "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). As such, petitioner must establish that his attorney's deficient performance was of such magnitude that he was deprived of a fair trial and that the reliability of the outcome was called into question. *Finch*, 226 S.W.3d at 316 (citing *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999)).

Petitioner argues that trial counsel was deficient in her performance, thereby forcing him into his guilty pleas. First, petitioner alleges that trial counsel failed to properly communicate with him. However, prior to the date of petitioner's guilty plea submission hearing, petitioner stated that trial counsel discussed his charges with him in general sessions court. Trial counsel also requested a preliminary hearing and cross-examined the State's witnesses in petitioner's presence. Finally, the record is clear that petitioner was able to talk with trial counsel on the day he entered his plea agreement. Petitioner emphasizes that trial counsel did not communicate with him after his case was moved to criminal court. However, when denying relief on the basis of this claim, the post-conviction court determined that petitioner's allegations lacked credibility. We will not disturb that conclusion on appeal. *Dellinger*, 279 S.W.3d at 292. Moreover, appellant has failed to establish prejudice "[b]ecause . . . petitioner has failed to satisfactorily prove how this lack of communication might have affected the results of the trial, no relief can be granted on this basis." *Brimmer v. State*, 29 S.W.3d 497, 511 (Tenn. Crim. App. 1998). Petitioner is not entitled to relief on this claim of error.

Petitioner also asserts that trial counsel failed to adequately advise him regarding whether he would receive probation and made an incorrect prediction that his case would be dismissed in general sessions court. However, the record reflects that petitioner signed the plea agreement, which clearly stated that petitioner would be required to *apply* for probation. The trial court also stated in the guilty plea submission hearing that it would make the final

determination regarding probation, and petitioner assented. When asked by the trial court if he was satisfied with his trial counsel, petitioner answered affirmatively. In addition, the post-conviction court determined that petitioner's allegations regarding trial counsel's actions and statements lacked credibility. We will not disturb that conclusion on appeal. *Dellinger*, 279 S.W.3d at 292. To prove that counsel's performance was deficient, petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). We conclude that petitioner has failed to prove that trial counsel's performance was deficient, and he is without relief on this issue.

Petitioner also argues that his guilty pleas were not entered knowingly, voluntarily, and intelligently due to his trial counsel's ineffective assistance of counsel. A guilty plea must be entered knowingly, voluntarily, and intelligently. *Lane*, 316 S.W.3d at 562; *see North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). If a plea is not knowingly, voluntarily, and intelligently entered, the guilty plea is void because appellant has been denied due process. *Lane*, 316 S.W.3d at 562 (citing *Boykin*, 395 U.S. at 243 n.5). To make such a determination, the court must examine "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id*. Courts should consider the following factors when ascertaining the validity of a guilty plea:

> (1) the defendant's relative intelligence; (2) the defendant's familiarity with criminal proceedings; (3) the competency of counsel and the defendant's opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial.

*Id.* (quoting *Howell v. State*, 185 S.W.3d 319, 330-31 (Tenn. 2006)). "[A] plea is not voluntary if it results from '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Id.* at 563 (quoting *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993)). Thus, the transcript of the plea colloquy must affirmatively show that a defendant's decision to plead guilty was both voluntary and knowledgeable. *Id.*

Petitioner does not contest that the trial court properly conducted his guilty plea submission hearing but, rather, states that his pleas were involuntary because his trial counsel told him that he would automatically receive probation. As stated above, petitioner has failed to prove that trial counsel was ineffective, and the post-conviction court specifically discredited petitioner's assertion that trial counsel informed petitioner that he would automatically receive probation. We will not disturb that conclusion on appeal. *Dellinger*,

279 S.W.3d at 292. Moreover, petitioner's testimony at the post-conviction hearing was in direct conflict with his testimony at the guilty plea submission hearing. "A petitioner's testimony at a guilty plea hearing 'constitute[s] a formidable barrier' in any subsequent collateral proceeding because '[s]olemn declarations in open court carry a strong presumption of verity.'" *Bruce S. Rishton v. State*, No. E2010-02050-CCA-R3-PC, 2012 WL 1825704, at *17 (Tenn. Crim. App. May 21, 2012) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). In this case, the post-conviction court implicitly credited petitioner's testimony during the guilty plea submission hearing over his testimony at the post-conviction hearing. In sum,

> [t]he evidence does not preponderate against the findings of the post-conviction court. It appears the petitioner is suffering from a classic case of 'Buyer's Remorse,' in that he is no longer satisfied with the plea for which he bargained. A plea, once knowingly and voluntarily entered, is not subject to obliteration under such circumstances.

*Robert L. Freeman v. State*, No. M2000-00904-CCA-R3-PC, 2002 WL 970439, at *2 (Tenn. Crim. App. May 10, 2002). Based on the record and the credibility determinations of the post-conviction court, petitioner has failed to prove that his guilty pleas were not entered knowingly, voluntarily, and intelligently due to errors by trial counsel.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE